IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**COURTNEY PHILLIPS**                                                                                       **PLAINTIFF**

v.                                       Case No.  3:21-cv-00238-KGB

**DEWEY LYNN MONTGOMERY**                                                          **DEFENDANT**

### ORDER

Before the Court is plaintiff Courtney Phillips's motion for entry of default (Dkt. No. 3). Ms. Phillips requests that the Clerk enter default in her favor under Federal Rule of Civil Procedure 55(a) (*Id.*).

Rule 55 of the Federal Rules of Civil Procedure contemplates a two-step process for the entry of default judgments. *Fraserside IP L.L.C. v. Youngtek Solutions Ltd.*, 796 F. Supp. 2d 946, 951 (N.D. Iowa 2011) (citation and internal quotation marks omitted). First, pursuant to Rule 55(a), the party seeking a default judgment must have the Clerk of Court enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend. *Id.* Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule. *Id.* Entry of default under Rule 55(a) must precede a grant of default judgment under Rule 55(b). *Id.*

To consider a motion for default under Rule 55(a), the Clerk requires an affidavit or affirmation setting forth proof of service, including the date thereof; a statement that no responsive pleading has been received within the time limit set by the Federal Rules of Civil Procedure or as fixed by the Court; and a statement that the defendant against whom default is sought is not a minor, incompetent, or in military service as required by 50 U.S.C. § 3931.

Ms. Phillips through her counsel previously filed an affidavit of service, but she has not provided a statement regarding defendant Dewey Lynn Montgomery's minority, incompetency, or military service (Dkt. No. 2).  50 U.S.C. § 3931; Fed. R. Civ. P. 55 (b)(1).  Therefore, the Court denies without prejudice Ms. Phillips's request for entry of default (Dkt. No. 3).  Ms. Phillips may refile her motion for Clerk's entry of default with the required affidavits.

It is so ordered this the 11th day of February, 2022.

*Kristine G. Baker*

Kristine G. Baker
United States District Judge